UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENA RUBIO,<br><br>  Plaintiff,<br><br>  v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>  Defendant. | No.  1:22-cv-01510-KES-SAB<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAYING THE ACTION PENDING ARBITRATION<br><br>Doc. 17 |

Defendant Experian Information Solutions, Inc. ("EIS") moves to compel arbitration of plaintiff Lorena Rubio's claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq., and the California Consumer Credit Reporting Act ("CCRAA"), Cal. Civ. Code §§ 1785 et seq.  Doc. 17.  EIS also requests a stay of this action pending the completion of arbitration.  *Id.*  For the reasons set forth below, EIS's motion to compel arbitration is granted and this action is stayed pending completion of arbitration.

**I.   BACKGROUND**

On June 25, 2020, Rubio enrolled in CreditWorks, a credit monitoring membership with EIS's affiliate, ConsumerInfo.com, Inc. (doing business under the name Experian Consumer

1  Services, or "ECS"). Doc. 17-2 ¶ 3. To enroll, Rubio was required to enter her personal
2  information and click a "Create Your Account" button at the bottom of the webpage. *Id.* The
3  "Create Your Account" button appeared immediately below a disclosure: "By clicking 'Create
4  Your Account'[,] I accept and agree to your Terms of Use Agreement . . . ." *Id.* The phrase
5  "Terms of Use Agreement" was offset in blue text and, if clicked, generated the full text of the
6  agreement. *Id.* ¶ 4.

7  Every version of the CreditWorks Terms of Use Agreement in place during the period
8  when Rubio used CreditWorks contained an arbitration agreement. *Id.* ¶ 6. The arbitration
9  agreement reads: "ECS and you agree to arbitrate all disputes and claims between us arising out
10 of or relating to this Agreement . . . ." *E.g.*, Doc. 17-2, Ex. 3 at 32. "ECS" is defined in the
11 Terms of Use Agreement to include its "affiliates." *Id.* at 26. EIS is an affiliate of ECS.
12 Doc. 17-2 ¶ 6.

13 On November 21, 2022, Rubio filed a complaint against EIS alleging that she attempted to
14 purchase a house in 2020 but lost her mortgage loan because EIS reported a variety of inaccurate
15 information. Doc. 1 ("Compl.") ¶¶ 17, 21, 23, 25–26, 30. Rubio further alleges that after she
16 disputed the inaccurate information, EIS removed some inaccuracies but also continually added
17 new errors. Compl. ¶¶ 27–29, 31–32. Rubio contends that EIS violated FCRA, 15 U.S.C.
18 § 1681e(b), and the CCRAA, Cal. Civ. Code § 1785.14(b), by failing to follow reasonable
19 procedures to assure maximum possible accuracy of her credit reports and credit files. Compl.
20 ¶¶ 46, 50.

21 On May 15, 2023, EIS moved to compel arbitration of Rubio's claims. Doc. 17. EIS
22 asserts that the CreditWorks arbitration agreement requires arbitration of Rubio's claims and
23 requires that an arbitrator determine the claims' arbitrability. *Id.* at 5–6. On May 30, 2023,
24 Rubio opposed the motion, not disputing that EIS and Rubio are parties to the CreditWorks
25 arbitration agreement but arguing that Rubio's claims are not within the scope of the arbitration
26 agreement and that the agreement unconscionably forces Rubio into commercial arbitration. *See*
27
28

2

*generally* Doc. 19.  Rubio also requested judicial notice of four exhibits.[1]  Doc. 19-2.  On May 31, 2023, EIS filed a reply in support of its motion.  Doc. 20.

## II. Legal Standard

The Federal Arbitration Act ("FAA") governs the enforceability of arbitration agreements. 9 U.S.C. § 2.  The Supreme Court has recognized that the FAA evinces a "liberal federal policy favoring arbitration." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339, 344 (2011) ("The overarching purpose of the FAA . . . is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings.").  The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original). An aggrieved party seeking to enforce a written arbitration agreement may petition a court for "an order directing the parties to proceed to arbitration in accordance with the terms of the agreement."  9 U.S.C. § 4.  The party moving to compel arbitration "has the burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence." *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014).

In ruling on a motion to compel arbitration, a court's role is limited to determining two gateway issues of arbitrability: "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1017 (9th Cir. 2016).  However, "[a]lthough [these two] gateway issues of arbitrability presumptively are reserved for the court, the parties may agree to delegate them to

---

[1] Courts may take judicial notice of facts not subject to reasonable dispute.  Fed. R. Evid. 201. Rubio requests judicial notice of the 2017 CreditWorks agreement, an arbitration ruling that a claim was not arbitrable, the American Arbitration Association's Commercial Arbitration Rules and Mediation Procedures, and the American Arbitration Association's Active Rules.  Doc. 19-2. EIS does not oppose the request for judicial notice.  Rubio's request for judicial notice of the AAA Commercial Arbitration Rules is granted. *See Collins v. Diamond Pet Food Processors of Cal., LLC.*, No. 2:13-cv-00113-MCE-KJN, 2013 WL 1791926, at *6 n.4 (E.D. Cal. 2013).  As the remaining exhibits are not relevant to the delegation of arbitrability, the Court does not rely on them to reach its conclusion.  Thus, Rubio's request for judicial notice as to the remaining exhibits is denied as moot.

the arbitrator." *Momot v. Mastro*, 652 F.3d 982, 987 (9th Cir. 2011) (citing *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68–70 (2010)). Courts must "assume that the parties agreed to arbitrate arbitrability" if and only if "there is clear and unmistakable evidence that they did so." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 72 (2019) (quotation omitted). Because the AAA rules state that an "arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the . . . validity of the arbitration agreement," courts routinely hold that incorporation of the AAA rules in an agreement constitutes "clear and unmistakable evidence that the parties agreed the arbitrator would decide arbitrability." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) (quotation omitted).

"Because a court must enforce an agreement that . . . clearly and unmistakably delegates arbitrability questions to the arbitrator, the only remaining question is whether the particular agreement *to delegate* arbitrability . . . is itself unconscionable [or otherwise defective]." *Brennan*, 796 F.3d at 1132 (citing *Rent-A-Center*, 561 U.S. at 68–70) (emphasis in original). Courts need not consider arguments of unconscionability unless the non-moving party "challenge[s] the delegation provision specifically," as issues of unconscionability of the agreement as a whole are left to the arbitrator. *Rent-A-Center*, 561 U.S. at 72.

### III. Discussion

The CreditWorks agreement contains a delegation provision. It states: "*All issues* are for the arbitrator to decide, including the scope and enforceability of this arbitration provision . . . and the arbitrator shall have exclusive authority to resolve any such dispute relating to the scope and enforceability of this arbitration provision . . . [as well as any claim that] this arbitration provision or Agreement is void . . . ." Doc. 17-2 at 10–11 (emphasis added). This demonstrates that the determination of whether the dispute should be arbitrated has been delegated to the arbitrator.

The CreditWorks agreement also incorporates the AAA rules. Doc 17-2 at 10 ("The arbitration will be governed by the Commercial Dispute Resolution Procedures and the Supplementary Procedures for Consumer Related Disputes (collectively, 'AAA Rules') . . . . In all events, the AAA rules shall govern the parties' dispute. The AAA Rules are available online at www.adr.org. . . ."). Because the AAA commercial dispute resolution rules vest the arbitrator

4

1  with authority to determine their own jurisdiction and a claim's arbitrability, incorporation of
2  these rules further indicates an intention to delegate arbitrability. Doc. 19-1 at 58–59 (AAA Rule
3  7(a)–(b)); *see Brennan*, 796 F.3d at 1130 (incorporation of AAA rules is a delegation of
4  arbitrability); *Whitney v. Suburban Propane, L.P.*, No. 2:22-CV-00633 WBS AC, 2022 WL
5  2789950, at *2 (E.D. Cal. July 15, 2022) (finding identical language clearly indicates such
6  delegation).
7       When, as here, an agreement delegates arbitrability, courts may only consider arguments
8  about defects specific to the delegation provision. *Rent-A-Center*, 561 U.S. at 70. Rubio does not
9  argue that the delegation provision itself is unconscionable. *See* Doc. 19 at 10. Rather, she
10 argues that the agreement to commercial arbitration is unconscionable. *Id.* However, Rubio
11 presents no reason why the arbitrator would not be able to fairly determine whether requiring her
12 to pursue her claim under the AAA's commercial arbitration rules would be unconscionable. *See*
13 *Holley-Gallegly v. TA Operating, LLC*, 74 F.4th 997, 1002 (9th Cir. 2023) (a party "must explain
14 how those provisions make *the fact of an arbitrator deciding arbitrability* unconscionable")
15 (emphasis in original); *Acorin v. Experian Information Solutions, Inc.*, No. 24-cv-00036-AJB-
16 BLM, 2024 WL 5011950, at *7 (S.D. Cal. 2024) (allegation that CreditWorks's commercial
17 arbitration agreement is unconscionable is not specific and justiciable criticism of delegation
18 provision).
19      As there is a valid delegation provision, the Court does not address the argument that the
20 agreement as a whole is unconscionable, nor whether the dispute arises out of or relates to the
21 CreditWorks agreements, as these two gateway issues of arbitrability are reserved for the
22 arbitrator. *See Henry Schein*, 586 U.S. at 68 ("When the parties' contract delegates the
23 arbitrability question to an arbitrator, a court . . . possesses no power to decide the arbitrability
24 issue. That is true even if the court thinks that the argument that the arbitration agreement applies
25 to a particular dispute is wholly groundless.").
26 ///
27 ///
28 ///

5

## IV.  CONCLUSION AND ORDER

Based upon the foregoing, EIS's motion to compel arbitration, Doc. 17, is **GRANTED**. This action is stayed pending arbitration. The parties are directed to notify the Court that arbitration proceedings have concluded within fourteen (14) days of the issuance of the arbitrator's decision.

IT IS SO ORDERED.

Dated:   July 30, 2025

UNITED STATES DISTRICT JUDGE